**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUAN CARLOS RODRIGUEZ LOZADA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1331-JD** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Juan Carlos Rodriguez Lozada, a non-citizen proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1). United

---

[1] At the time of filing the Petition, Petitioner was housed at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 1). Petitioner is currently housed at Prairieland Detention Center in Alvarado, Texas. (Docs. 14, 16, 18).

On August 3, 2026, Petitioner filed a Motion requesting to be moved from Prairieland Detention Center to Cimarron Correctional Facility. (Doc. 16, at Ex. 1). The decision regarding where to detain non-citizens awaiting removal proceedings is a discretionary power of the Secretary of DHS, 8 U.S.C. § 1231(g)(1), which this Court lacks jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B)(ii). *See Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (observing that "the Attorney General is mandated to arrange for appropriate places of detention for [persons] detained pending removal" and holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"); *see also Lway Mu v. Whitaker*, 18-cv-06924, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) (citing § 1231(g)(1) and concluding "it does not have the authority to dictate to DHS where Petitioner should be housed"); *Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *4 (D. Colo. Feb. 22, 2018) (finding that under § 1252(a)(2)(B)(ii) and § 1231(g) "decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by the

States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 5). Respondents filed a Motion to Dismiss the Petition. (Doc. 13). Petitioner has not filed a Response. As set forth fully below, the undersigned recommends that the Court **DENY** Respondents' Motion to Dismiss and **ORDER** Respondents to respond to the merits of the Petition.

## I. Factual and Procedural Background

Petitioner filed the instant Petition on June 4, 2026. (Doc. 1, at 8). He alleges a violation of the Immigration and Nationality Act and his due process rights related to his prolonged immigration detention. (*Id*. at 6). He alleges that ICE is not likely to remove him in the near future and requests immediate release from custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id*. at 6-7; *see* Doc. 2).

Respondents filed a Motion to Dismiss the Petition on July 17, 2026. (Doc. 13). Respondents identify an earlier § 2241 petition filed on May 18, 2026, in the Northern District of Texas, which was filed while Petitioner was in custody at Prairieland Detention Center in Alvarado, Texas. (Doc. 13, at 1); *see Lozada v. U.S. Immigration & Customs Enf't*, Case No. 3:26-cv-1606-D-BN, ECF No. 1 (N.D. Tex. May 18, 2026) ("Texas Petition"). Respondents argue that, because of the pending Texas Petition, "[a]s a matter of judicial comity" and under the "first-to-file rule," this Court should enter an order of dismissal without prejudice. (*Id*. at 3-4).

---

federal district courts"). Therefore, the undersigned concludes the Court does not have jurisdiction to grant Petitioner's Motion. Accordingly, the Motion should be **denied.**

However, Petitioner voluntarily dismissed the Texas Petition and the case was terminated without a ruling on the merits on June 17, 2026 – one month before Respondents' Motion to Dismiss was filed. *Lozada v. U.S. Immigration & Customs Enf't*, Case No. 3:26-cv-1606-D-BN, Doc. 9 (N.D. Tex. June 17, 2026).

In response to an Order from the undersigned to provide a status update regarding Petitioner's detention and removal, (Doc. 17), Respondents filed a Notice advising:

> Petitioner was ordered removed to Cuba in April 2026. The government of Cuba denied Petitioner's repatriation in July 2026, and DHS/ICE prepared Petitioner for third country removal. Respondents attempted to remove Petitioner to Mexico on July 10, 2026. According to DHS/ICE, Petitioner refused to comply with the removal order. Thereafter, Petitioner was transferred to Prairieland Detention Center. DHS/ICE records reflect that Petitioner is currently in custody at Prairieland Detention Center while DHS/ICE pursues third country removal. Should this Court deny Respondents' pending Motion to Dismiss (Doc. 13), Respondents respectfully request the opportunity to file a Response to the Petition.

(Doc. 18, at 1) (exhibit citations omitted).

## II. Analysis

The Court has jurisdiction over the instant Petition. *See Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *1-2 (W.D. Okla. Mar. 30, 2026) (finding the "in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024)). Respondents concede that Petitioner was in custody at Cimarron Correctional Facility in Cushing, Oklahoma, when he filed the instant Petition. (Doc. 13, at 1). Thus, the Petition was properly filed in this district due to Petitioner's detention here. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). "[J]urisdiction attaches on

the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Respondents' only argument supporting dismissal is that the Texas Petition is still pending and that, therefore, the instant Petition should be dismissed as a matter of comity or under the first-to-file rule. (Doc. 13, at 3). As Judge DeGiusti recently explained in *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174 (W.D. Okla. Aug. 17, 2026),

> "Where ... a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026). "If the first § 2241 is still pending, the later filed petition may be dismissed as duplicative and without prejudice." *Id.* (collecting cases). "The petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id.*
>
> On the other hand, if "the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ." *Fotabong v. FNU LNU*, No. 2:26-CV-02087-DHU-GJF, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026). "The 'abuse of the writ' doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Id.* (citing *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010)); *see also Lazare*, 2026 WL 2071154, at *2 ("The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new 'claims [that] could have been raised in an earlier [petition] ... but were not.' " (quoting *Stanko*, 617 F.3d at 1270)).

*Id*. at *1.

The Texas Petition is no longer pending, and it was not decided on the merits. *Lozada*, Case No. 3:26-cv-1606-D-BN, ECF No. 9. Therefore, the Motion to Dismiss should be denied, and this Court should proceed to the merits of the case. To that end, Respondents should be ordered to file a Response to the instant Petition.

## III. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Court **DENY** Respondents' Motion to Dismiss, (Doc. 13), and **ORDER** Respondents to respond to the Petition within 3 days of any order adopting this Report and Recommendation. Further, Petitioner's Motion for transfer, (Doc. 16), is **DENIED**. *See supra*, note 1.

**The undersigned advises the parties of their right to object to this Report and Recommendation by September 15, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[2] The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 10th day of September, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[2] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").