**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUAN CARLOS RODRIGUEZ LOZADA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-01331-JD |

**ORDER**

Before the Court are Respondents' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Motion to Dismiss") [Doc. No. 13], Petitioner's Motion to be Moved from Prairieland Detention Center to Cimarron Correctional Facility ("Motion for Transfer") [Doc. No. 16], and United States Magistrate Judge Amanda L. Maxfield's Report and Recommendation ("R. & R.") [Doc. No. 19], recommending that the Motion to Dismiss be denied and Respondents ordered to respond to the Petition within three days and that the Motion for Transfer be denied. Respondents timely objected to the R. & R. [Doc. No. 20] and Petitioner filed a reply [Doc. No. 27].

For the following reasons, the Court ACCEPTS the R. & R., DENIES the Motion to Dismiss, and DENIES the Motion for Transfer.

## I. BACKGROUND

Petitioner, proceeding pro se, filed the instant Petition on June 8, 2026, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). [Doc. No. 1]. At the time of filing, Petitioner was housed at the Cimarron Correctional

Facility in Cushing, Oklahoma, which is within this judicial district. *Id.* at 1; *see also* [Doc. No. 1-1]; 28 U.S.C. § 116(c). Petitioner is currently housed at Prairieland Detention Center in Alvarado, Texas. [Doc. Nos. 14, 16, 18, 24].

Respondents moved to dismiss the Petition on July 17, 2026, arguing that Petitioner had previously filed a § 2241 petition in the United States District Court for the Northern District of Texas and that the earlier petition remained pending. Motion to Dismiss at 1. Based on that asserted procedural history, Respondents contend that dismissal of the present action is warranted "[a]s a matter of judicial comity" and under the "first-to-file rule." *Id.* at 3–4.

The Court takes judicial notice of the docket and relevant filings in Petitioner's prior habeas action, *Juan Carlos Rodriguez Lozada v. U.S. Immigration & Customs Enforcement*, Case No. 3:26-cv-01606-D-BN (N.D. Tex.). The docket reflects that the prior action was terminated on June 17, 2026, on Petitioner's motion without an adjudication on the merits—one month before Respondents filed their Motion to Dismiss in this action—and that the action is no longer pending. *See id.* [Doc. No. 9]; *see also id.* (docket text on June 17, 2026, indicating that Petitioner's motion was "construed as a notice of dismissal").

## II. <u>ANALYSIS</u>

The Tenth Circuit has explained that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *Pinson v. Berkebile*, 604 F. App'x 649, 652–53 (10th Cir. 2015)

(unpublished) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004)). Here, Petitioner was detained at the Cimarron Correctional Facility in Cushing, Oklahoma, within this judicial district, when he filed the present Petition—a fact that Respondents concede. *See* Motion to Dismiss at 1. Accordingly, this Court had jurisdiction over the Petition at the time of filing.

Respondents' argument that the Petition should be dismissed as a matter of comity or under the first-to-file rule is unavailing because the Northern District of Texas action is no longer pending and was dismissed on Petitioner's own motion without adjudication of the merits. Thus, the record does not establish that Petitioner's filing of the present Petition constitutes an abuse of the writ because it is neither duplicative nor have Petitioner's claims been decided on their merits. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Respondents' arguments therefore do not warrant dismissal.

Petitioner also requests a transfer from his current facility at Prairieland Detention Center in Alvarado, Texas, back to the Cimarron Correctional Facility in Cushing, Oklahoma, based on the conditions of his confinement. Motion to Transfer at 1–2. To the extent Petitioner challenges the conditions of his confinement, such claims do not fall within the scope of habeas corpus under § 2241. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035–36 (10th Cir. 2012) (explaining that a request by a prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and must be brought pursuant to *Bivens*). Rather, challenges to conditions of confinement generally must be pursued through a civil rights action. *See id.*

Additionally, Petitioner has not established that a transfer to another facility is necessary to preserve this Court's jurisdiction over his pending habeas petition. *See Santillanes*, 754 F.2d at 888; *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *11 (10th Cir. Oct. 21, 2026).

## III. <u>CONCLUSION</u>

Accordingly, the Court ACCEPTS the R. & R. [Doc. No. 19], DENIES the Motion to Dismiss [Doc. No. 13], and DENIES the Motion for Transfer [Doc. No. 16]. Respondents should file a response to Petitioner's Petition within three business days of this Order. The Court re-refers this matter to United States Magistrate Judge Maxfield consistent with its prior order of referral. *See* June 26, 2026 Order [Doc. No. 5].

IT IS SO ORDERED this 29th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE